[Civil No. 3308. Filed October 10, 1933.]

[25 Pac. (2d) 547.]

CHARLES W. COE, Appellant, v. WILLIAM F. HOUGH, Appellee.

Messrs. Moore & Shimmel, for Appellant.

Mr. F. H. Lyman and Mr. Don C. Babbitt, for Appellee.

ROSS, C. J.—The appeal is from a verdict and judgment for damages for personal injuries plaintiff Hough claims he sustained by being run down by defendant Coe with his automobile on the evening of December 31, 1931, between 6 and 7 o'clock, at Twenty-Fourth Street between East McDowell Road and East Van Buren Street, in Phoenix.

The grounds of appeal are that the court erred in refusing to give instructions asked by defendant, and in giving to the jury erroneous instructions. It is necessary to state the issues and the evidence thereon to an understanding of the legal propositions submitted and for a proper consideration and disposition thereof.

The specific negligence alleged in the complaint is that Twenty-Fourth Street, between the termini mentioned, is an unimproved country road bounded on each side by ditches and uneven surfaces and without sidewalks; that while plaintiff was walking south along the right or west side of said Twenty-Fourth Street the defendant "did then and there drive his said automobile at a careless and imprudent speed and greater than was then and there reasonably proper and safe, having due regard to the traffic, surface and width of the highway, and of all other conditions then and there existing and at such a rate of speed as to endanger the life and limb of said plaintiff, and the said defendant so driving his automobile as aforesaid did approach the plaintiff from behind and drove upon and against said plaintiff striking him, the said plaintiff upon the back with the front end of said automobile thereby throwing him violently to the ground."

The answer consists of a general denial, an allegation that the accident was caused by the sole negligence of plaintiff, and that plaintiff contributed to his own injury. These defenses are stated in the following language:

"Further answering the complaint, the defendant alleges that after dark on the evening of the 31st day of December, 1931, he was driving an automobile in a southerly direction on Twenty-fourth Street between the intersections of East Roosevelt and East Van Buren streets; that that portion of Twenty-fourth Street between the intersections aforesaid was

at said time, and for several days prior thereto had been, under reconstruction or in course of improvement by the County of Maricopa, and at said time there were piled along and upon the east half of the traveled portion of said highway large quantities of gravel and rock which had not then been spread over the traveled portion of said highway, and by reason of which only the west half of the traveled portion of said highway was in condition to be used by traffic; that at said time there were a number of automobiles going north and a number going south along said highway, as the result of which the road was shrouded in dust, which made it impossible to see more than five or six feet ahead of the automobile which defendant was driving. That to the west of the main traveled portion of said highway and along the highway right-of-way, and extending from East Van Buren Street to East Roosevelt Street there was at said time, and for a number of years prior thereto had been, a smooth, well-defined, though unpaved, sidewalk along which pedestrians upon said highway were accustomed to walk, all of which defendant alleges was well known to the plaintiff. That while the defendant was driving south on said highway at the time and place aforesaid, at a speed of from ten to twelve miles an hour, the defendant observed the plaintiff immediately in front of the left fender of his car and at a distance of some five or six feet therefrom, whereupon the defendant immediately applied brakes to his car, said brakes being in good and efficient condition; but before said car could be brought to a stop it struck the plaintiff, knocking him down. . . .

"The defendant alleges that the plaintiff's negligence was the sole and proximate cause of his being struck by the defendant's car as aforesaid, and of any injuries which resulted to the plaintiff therefrom, in this: that the plaintiff was negligent in being and traveling in the center of said highway under the circumstances and conditions as aforesaid with reference to dust and darkness, when there was available to him, of his knowledge, a well-defined sidewalk or

pathway along the east side of the right-of-way of said highway and to the east of the main traveled portion thereof, which said sidewalk the plaintiff could and, under the circumstances, should have used.

"Further answering said complaint, the defendant alleges that the plaintiff was guilty of negligence, which was the proximate cause of his said injuries and which contributed thereto, in this: that the plaintiff was negligent in being and traveling in the center of said highway under the circumstances and conditions as aforesaid with reference to dust and darkness, when there was available to him, of his knowledge a well-defined sidewalk or pathway along the east side of the right-of-way of said highway and to the east of the main traveled portion thereof, which said sidewalk the plaintiff could and, under the circumstances, should have used."

According to the evidence in support of the complaint, plaintiff, who lived on Twenty-Fourth Street, had gone north to his postoffice box at the corner of McDowell Road and Twenty-Fourth Street for his mail, and was returning south along the west side of Twenty-Fourth Street when near his home he met S. G. Lowe and his daughter Mrs. J. A. Morris proceeding north on the east side of said Twenty-Fourth Street in an automobile. He crossed the road to the automobile and gave to Mrs. Morris a letter that had come to his mail-box. He returned to the west side of the road and was proceeding on south towards his home when the defendant, who was traveling in the same direction, without any warning whatever, ran into him striking him in the back so that he was thrown over the left fender onto the running-board and thence to the ground. At the time it was turning dark but persons could be seen on the streets from two to three hundred feet. Some of the cars were putting on their lights. There was some dust in the air. Just at the time of the accident there was no automobile with headlights on going north. There

was a footpath to the west of the traveled road, but it was not in good condition and was bordered by stickers. Most pedestrians traveled in the road or street. The defendant was traveling from 25 to 30 miles an hour. He stopped 15 to 20 feet from where he struck plaintiff.

Defendant's testimony was all the evidence as to the accident he submitted and is to the effect that the accident occurred after sundown; that the air was full of dust; that he could not see four feet before him; that he did not see plaintiff until he was practically on him; that plaintiff stepped right in front of his car; that he was angling across the road from east to west and stepped in front of the left fender; that the lens on the left headlight was cracked and the radiator cap knocked off by the impact; that he was traveling around 15 miles or less and stopped, after hitting plaintiff, in the length of the car; that there were cars traveling north that blinded him at the time; that there was a pathway on the west side of the road customarily used by pedestrians.

The instructions asked by defendant and refused by the court told the jury, in effect, that if they found that the dust in the air and the light of passing automobiles obscured the vision on the highway, and that there was available and convenient to plaintiff a pathway or sidewalk, it was negligence for the plaintiff to travel on the highway, and that if such negligence contributed to his injury, or if plaintiff would not have been injured except for such negligence, the verdict must be for defendant, unless the defendant after discovering plaintiff's danger failed to exercise ordinary care to avoid striking him. In other words, defendant contends that under the issues and evidence it was negligence *per se* for the plaintiff to travel on the highway.

The rule of law is that the right to use highways and streets as between vehicles and pedestrians is

equal; that neither has a superior right over the other; and this rule applies to automobiles as well as other vehicles. 42 C. J. 1031, § 778. If the condition of the highway was such as to make the mere use of it negligence, a motorist operating thereon would be equally negligent with the pedestrian walking thereon. Assuming that there was so much dust in the air, which together with the headlights of passing automobiles made it difficult to see, the pedestrian or motorist venturing thereon was not guilty of negligence for so doing, and so long as he exercised ordinary or reasonable care with reference to his surroundings could not be charged with negligence. The fact that travel on the highway, when the vision is poor or obscured by reason of dust in the air and the glare of headlights, is attendant with danger is an admonition to the autoist as well as the pedestrian to proceed with greater caution and care than if these conditions did not exist, and that is all. As said in *Simeone* v. *Lindsay,* 6 Penne. (Del.) 224, 65 Atl. 778:

"The person having the management of the automobile and the traveler on foot are both required to use such reasonable care, circumspection, prudence, and discretion as the circumstances require; an increase of care being required where there is an increase of danger. And both are bound to the reasonable use of all their senses for the prevention of accident, and the exercise of all such reasonable caution as ordinarily careful and prudent persons would exercise under like circumstances. The more dangerous the character of the vehicle or machine, and the greater its liability to do injury to others, the greater the degree of care and caution required in its use and operation. And a person traveling by foot on a public road is required to use reasonable care to avoid collision with a vehicle, and, if he saw the vehicle before it struck him, or by the reasonable use of his senses could have seen it in time to avoid the injury, it is his duty to do so."

The defendant, to support his contention that the instructions properly state the law applicable to the facts, cites a number of cases, but as we read those cases they do not discuss or decide the respective rights of the autoist and pedestrian to the use of streets or highways, but hold under the given circumstances that the pedestrian was not when hurt in the exercise of reasonable care and therefore guilty of contributory negligence. *Conness* v. *McCarty,* 216 Cal. 415, 14 Pac. (2d) 507; *De Vore* v. *Longview Public Service Co.,* 162 Wash. 338, 298 Pac. 717; *State ex rel. Schaffer* v. *Allen,* (Mo. Sup.) 253 S. W. 768, 28 A. L. R. 1270. The only case wherein defendant's contention is noticed is *Virgilio* v. *Walker,* 254 Pa. 241, 98 Atl. 815, wherein it is said:

"While conditions have not, as yet, arisen in any case brought before us where we have felt called upon to rule that it was negligence *per se* for a pedestrian to traverse a public highway between the regular crossing places, nevertheless, when one does so, he is bound to a high decree of care, and if a pedestrian goes further and deliberately selects the roadway of a city street for the purpose of walking longitudinally thereon, he is obligated to still greater care; in fact, one placing himself in such danger must be most vigilant to look after his own safety."

This recognizes the equality of rights to the use of the street, but suggests that the pedestrian's care should be commensurate with the increased danger. In that case there were city pavements for pedestrians on both sides of the street, in safe and good condition. Twenty-Fourth Street was being improved by Maricopa county and, as the evidence shows, was but a country road or highway with an unpaved by-path on the west side, flanked by "stickers" (we suppose sand-burs), with an uneven surface—a very different situation.

The defendant assigns as error the giving of the following instruction:

"The plaintiff was not required to walk only upon the portion of the highway not used by automobiles, but that he had a perfect right to pursue his course along any part of the highway, which he saw fit to travel and it was the duty of the defendant in driving his car at the time of accident to keep a lookout for any pedestrian or other person or object, which might be in the road and to at all times have had his automobile under control so that it might have been brought to a stop before striking any person whom he might observe in the roadway."

The criticism is that it fails to place any duty on plaintiff as a pedestrian and negatively exempts him from exercising reasonable care. We do not think the omission under the circumstances was error. In the first place the only negligence pleaded by defendant was that plaintiff was walking along the highway instead of the footpath. The plaintiff was charged with no other negligence, contributory or otherwise. The fact of plaintiff being on the highway, and not his negligent conduct or actions thereon, is what the defendant in his answer claims should defeat the action. Defendant alleges "that the plaintiff was negligent in being and traveling in the center of said highway under the circumstances and conditions." We do not think defendant's testimony, wherein he says plaintiff was angling across the road from east to west and stepped in front of his car, even creates an issue in view of his answer's affirmative allegation that plaintiff was "traveling in the center of said highway" when struck. He is bound by his pleadings. His pleadings are in accord with what he said in a deposition taken before the trial. In the deposition he was asked, "You don't know whether he was walking along the road when you struck him?" to which he answered, "He was going right down the road when I hit him." This statement was not corrected or explained away at the trial by defendant, but was ad-

mitted to be correct. In the second place, the instruction as far as it goes correctly states the law and is not defective in failing to refer to or define plaintiff's obligation to exercise care and caution. That, if the issues required it, could just as well have been stated in a separate instruction.

The court instructed the jury that if they believed from the evidence that the air was so filled with dust, or that objects were so obscured by darkness or otherwise that they could not be seen for a greater distance than four feet, it was negligence on the part of defendant to drive at such a speed that he could not stop his car within such distance, that is, four feet. "The vice of this instruction," says the defendant, "is that it centers on certain statements of evidence to the exclusion of other evidence in conflict, and gives to the jury an absolute mandate predicated upon such segregated and selected testimony." Defendant testified he could not see more than four feet ahead of him. The evidence of the plaintiff was that one could see from two to three hundred feet. If such instruction was a comment on the evidence, or a mandate to follow defendant's statements, it was in his favor, for if, as plaintiff's evidence indicated, visibility was good for two to three hundred feet, defendant certainly saw, or with the exercise of any care at all could have seen, plaintiff "traveling in the center of the highway" ahead of him for more than four feet. If, as defendant says, his vision because of the conditions was limited to four feet, the question is whether his inability, because of the speed he was traveling, to stop his car within the radius of his lights or vision was negligence *per se.*

In *Dennis* v. *Stukey,* 37 Ariz. 299, 294 Pac. 276, we stated it to be an absolute rule that a driver must, on peril of legal negligence, drive in such a manner as to be able to bring his car to a complete halt within the range of his vision. In that case, where the plain-

tiff stated he could not see, because of an approaching headlight, a steam roller into which he drove until within a distance of four or five feet, we said that it was negligence for him to be driving 20 miles an hour or in not having control of his car so that he might stop it within the range of his vision. The instruction given is within that rule, and the only question is, should we recede therefrom. The rule is sanctioned by the majority of authority. *Morehouse* v. *Everett,* 141 Wash. 399, 252 Pac. 157, 58 A. L. R. 1482. In this case the court refused to follow the rule in its broadest implications, and for a sufficient reason it seems to us under the circumstances. The plaintiff, a practicing physician, was called to see a patient, at 3 or 4 o'clock in the morning, and was hurrying in his automobile to answer the call. The defendant city had permitted a building that was being moved to be left overnight in a regularly traveled paved street. The building practically extended from curb to curb, and on each corner of it was placed a red warning light, but no warning light was in the intervening space of about 40 feet. Traveling in the center of the street plaintiff collided with the building and was killed. By reason of fog the vision was interfered with to some extent. Under the circumstances it was held the deceased was not negligent as a matter of law if unable to stop his automobile within the distance his lights disclosed the building. It seems to us that the facts may be said to place the case as an exception to the rule, rather than a rejection thereof. But be that as it may, we think the rule announced in the Dennis Stukey case is necessary for the protection of life and property. If an autoist cannot see where he is going he should stop. If his vision is limited he should have such control of his car as to be able to stop within the radius of his vision. If he violates these reasonable and sane rules and runs into someone who is at the time exer-

cising reasonable care, he is, we think, guilty of legal negligence.

The instruction complained of contains a correct statement of the law as it is and should be.

The judgment of the lower court is affirmed.

LOCKWOOD and McALISTER, JJ., concur.