226 P.2d 1012

**KRAUTH et al. v. BILLAR et al.**

No. 5145.

Supreme Court of Arizona.

Jan. 29, 1951.

Fennemore, Craig, Allen & Bledsoe, of Phoenix, for appellants.

Snell, Wilmer, Walsh & Melczer and Kramer, Morrison, Roche & Perry, all of Phoenix, for appellees.

STANFORD, Justice.

Action was brought in the Superior Court by the appellants herein to recover damages allegedly sustained as a result of negligence of the appellee, Robert Billar.

At approximately 10:30, on the night of August 20, 1945, appellant Bessie Fern Krauth, fifteen years of age, was assisting a group of five other young people in pushing a Ford automobile, owned by Harry Wilson, Jr., in a Southerly direction along North Seventh Street in the vicinity of East Palm Lane in Phoenix, Arizona. The car had run out of gas shortly before and they were attempting to start the car after having put some gas in the tank. Facts brought out at the trial indicate that the Ford, at the time of the accident was located on the West side of the well traveled portion of the street.

Shortly before the accident complained of, a "jeep" automobile which had been traveling in a Southerly direction, along North Seventh Street, turned around and stopped opposite the Ford on the East side of the well traveled portion of the street, facing North, with the head lights shining. Appellee Robert Billar, who was driving his father's Hudson automobile in a Southerly direction along North Seventh Street at the time, claims to have been blinded by the lights from the "jeep" as he approached the two cars. Upon seeing the Ford, he applied his brakes, and after skidding some 59 feet, collided with the rear of the Ford car, the impact of which carried it approximately 400 feet South on Seventh Street. Appellant Bessie Krauth, who had been pushing the Ford from the rear, was caught between the two cars at the time of the impact which resulted in tearing her right limb from her body just below the knee.

Complaint was thereafter filed by Bessie Krauth and her parents, all of whom are appellants herein, alleging injury to the person of Bessie Krauth and damages resulting from the said injury. The com-

plaint joined Louis L. and Nettie Billar, the parents of the appellee Robert Billar, alleging liability on the basis of the Family Car Doctrine.

The jury in the case returned a verdict in favor of all the appellees, and upon such verdict, a judgment was rendered in favor of the appellees, on the 18th of October, 1947. From such judgment and the denial of a motion for new trial, this appeal is taken.

Before entering into the merits of the appeal, convenience suggests that we first dispose of a preliminary point. The major portion of the appellees' brief is devoted to argument directed at disposing of any possible application of the Family Car Doctrine in the joining of Louis L. and Nettie Billar. The record discloses that motion for summary judgment as to these parents of Robert Billar, was made prior to the trial in the lower court and again at the close of the trial, both motions alleging that Robert Billar was a member of the armed forces at the time, and as such was not a member of the Billar family in a legal sense. These motions were denied both times.

Appellees have submitted argument on this matter without having made any cross assignment of error and therefore there will be no consideration given it by this court. It is of course a well settled rule in this jurisdiction that argument by an appellee, that error was committed in the lower court to his prejudice, will not be considered in absence of a cross assignment of error, where the error is not fundamental. Steinfeld & Co. v. Tew, 35 Ariz. 147, 274 P. 1047.; Webb v. Crane Co., 52 Ariz. 299, 80 P.2d 698, and cases cited therein.

Appellants, by their brief, urge some eleven assignments of error, directed at the court's allowance and failure to allow admission of exhibits in evidence and requested instructions of both appellants and appellees.

Appellants' assignment of error No. 8 reads as follows:

"The trial court erred to the prejudice of the plaintiffs in granting defendants' Requested Instruction No. 15, as follows:

" 'You are instructed that it is unlawful for any person to stop a motor vehicle upon a public highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle be left for free passage of other vehicles thereon. If you find by a preponderance of the evidence that the Wilson automobile was stopped in the highway when this accident occurred, without such clear and unobstructed width of fifteen feet opposite it for free passage of other vehicles thereon I instruct you that said vehicle was upon and using the highway unlawfully. I further instruct you that if you find that the plaintiff Bessie Fern Krauth participat-

ed in the act of so placing and stopping the Wilson automobile upon the highway and that such act was the *ap*proximate cause of the accident, that is, an act which if it had not been done the accident would not have happened, your verdict should be for the defendants.'

"This instruction is not a proper statement of the law in that it omits therefrom the exception referring to disabled vehicles and is not supported by the evidence."

The instruction mentioned above purported to instruct the jury concerning the law as contained in section 66–116, A.C.A. 1939, which reads as follows: "No person shall leave a vehicle parked, whether attended or not, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to leave such vehicle standing off said portions of such highway; in no event shall any person leave a vehicle standing, whether attended or not, upon any highway unless a clear and unobstructed width of not less than fifteen (15) feet upon the main traveled portion of said highway opposite such standing vehicle be left for free passage of other vehicles thereon. *This section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway to such extent that it is impossible to avoid temporarily leaving the vehicle in such position."* (Emphasis supplied.)

However, it will be noted that the instruction completely omitted the material contained in the last portion emphasized above, nor was it covered in any other instruction.

Appellees insist that the instruction given was correct as applied to the facts of the present case, in that the exception was not meant to apply to disabled vehicles unless such vehicle was in such condition that it could in no manner be moved, even though the condition might have prevented locomotion under its own power.

We cannot agree with this argument as we are of the opinion that the applicability of the disability exception contained in the statute is dependent to a great extent on the particular circumstances of each case, and vague degrees of technical disability may not be specifically classed as included or excluded as a matter of law. In the present case, the jury was left to determine whether or not the facts warranted an application of the law contained in the instruction which was only a portion of the law as expressed in section 66–116, supra. Clearly the jury should have had an opportunity to ascertain whether or not the facts warranted an application of the exception also contained in section 66–116, supra. We think the failure to do this was clearly misleading to the jury and necessarily resulted in prejudice to the appellants, inasmuch as a complete statement of the law as here dis-

cussed, is in no manner given in any other portion of the instructions.

■ That a misleading or prejudicial instruction to the jury by the trial court constitutes reversible error, is well settled in this jurisdiction. See Southern Casualty Co. v. Hughes, 33 Ariz. 206, 263 P. '584; Arizona Storage & Distributing Co. v. Rynning, 37 Ariz. 232, 293 P. 16; Humphry v. Atchison T. & S. F. Ry. Co., 50 Ariz. 167, 70 P.2d 319; Southern Pacific Co. v. Itule, 51 Ariz. 25, 74 P.2d 38, 115 A.L.R. 1268.

Assignments of error, Nos. 5 and 9, shall be considered together in view of similarity of subject matter. Appellants' assignment of error No. 5 contains the following:

"The trial court erred to the prejudice of plaintiffs in refusing to give Plaintiffs' Requested Instruction (No.) V * * * as follows:

" 'No. V

" 'Ladies and gentlemen of the jury, I instruct you that no person shall drive a vehicle upon a highway at a speed greater than is reasonable and prudent, having due regard to the traffic, surface and width of the highway and the hazard at intersections, and any other condition then existing.

" 'If you believe from the evidence that the defendant Robert C. Billar approached the place where the collision occurred at a speed greater than was reasonable and prudent, having due regard to the traffic, width of streets and hazards at such place, and the other conditions then existing, then he was guilty of negligence as charged in plaintiffs' complaint; and if you further believe from the evidence that such negligence of the defendant Robert C. Billar was the proximate cause of the collision, then you shall find for the plaintiffs.' "

Appellants' assignment of error No. 9, objects to the granting of appellees' requested instruction No. 17, which reads as follows:

"You are instructed that operating a motor vehicle upon a public highway at a speed greater than the applicable speed limit is not, in and of itself actionable negligence. It must further appear that such excessive speed was the proximate cause of the accident and that the accident would not have happened except for such excessive speed. In this connection, I instruct you that even though you may find Robert C. Billar was driving at a speed in excess of the speed limit applicable at the time and place of the accident involved herein, you must further find by a preponderance of the evidence, before you may find the defendants liable, because of such excessive speed, that such speed prevented said Robert C. Billar from controlling said vehicle so as to avoid colliding with objects and persons using the highway in a lawful manner."

▪ ⬛ Appellees' requested instruction No. 17, supra, might be read to interpret the law as being that a person, while driving an automobile, is only bound to exercise that degree of care necessary to avoid a collision with other persons and objects using the highway in a lawful manner, regardless of the speed at which he travels, or the speed limit applicable. In this connection, the court also instructed the jury that if the Wilson automobile was on the highway without a tail light, as required by law, at the time of the accident, it was on the highway unlawfully. It might reasonably follow, from these instructions that the appellee Robert Billar was under no duty to operate his car so as to avoid collision with the Wilson car, if it had no tail light. Instruction No. 17, as given, relieved appellee Billar from the duty to exercise any care whatever to prevent injury to a person in the unlawful use of the highway, even though by the exercise of ordinary care, such injury could have been avoided. The instruction is clearly erroneous. Nichols v. City of Phoenix, 68 Ariz. 124, 202 P.2d 201. We believe the law was stated correctly in appellants' requested instruction No. V, supra, which was refused by the lower court.

⬛⬛ This court has stated the law regarding this type of situation in Alabam Freight Lines v. Phoenix Bakery, 64 Ariz. 101, 166 P.2d 816, 824. There, even though adhering to the rule that a driver is not bound to anticipate the presence of unlawfully operated automobiles on the highway, the court said: " * * * We believe the just test to be: What would an ordinarily prudent person have done under the circumstances as they then appeared to exist? * * *."

Here the appellee Billar claims to have been blinded by the headlights from the "jeep" which was stopped beside the Ford car. Under such circumstances, it became his duty to stop. In the Alabam Freight Lines case, supra, we quoted with approval, the following, from Coe v. Hough, 42 Ariz. 293, 25 P.2d 547, 550: " * * * If an autoist cannot see where he is going he should stop. If his vision is limited he should have such control of his car as to be able to stop within the radius of his vision. If he violates these reasonable and sane rules and runs into someone who is at the time exercising reasonable care, he is, we think, guilty of legal negligence."

In analyzing the cases used in determining the proper test, the court there also quoted at length from the Supreme Court of Washington in the case of Morehouse v. City of Everett, 141 Wash. 399, 252 P. 157, 160, 58 A.L.R. 1482, from which we quote: " * * * We believe that, generally speaking, where the statutes or the decisions of the courts require red lights as a warning of danger on any object in the highway and such lights are not pres-

ent, it is a question for the jury to determine whether the driver at night should have seen the obstruction, notwithstanding the absence of red lights."

In the case of Butane Corporation v. Kirby, 66 Ariz. 272, 187 P.2d 325, 334, where the facts were similar to the case at hand, the defendant therein having collided with a truck on the highway without lights, the court said: " * * * The driver of an automobile at night is guilty of negligence if he collides with an object which he has failed to see and which an ordinarily prudent driver under like circumstances would have seen. * * * He was guilty of negligence * * * in the event that a reasonably prudent person would have observed the truck and trailer regardless of the fact that it was without lights."

In all of the cases we have found, dealing with similar facts, the courts have, as in the cases quoted above, established the degree of care required of a driver on the highway as that care which would have been exercised by the ordinarily or reasonably prudent person and nowhere are we able to find authority for the re-duction of that standard of care with regard to objects using the highway in an unlawful manner.

Defendants' requested instruction, No. 17, supra, also erroneously implies that the test for proximate cause, as applied to the speed at which the appellee Billar was traveling, was whether or not the speed would have prevented him from avoiding a collision with objects which were using the highway in a lawful manner. This of course is clearly without basis, as proximate cause necessarily must concern the application of the act to the resulting injury, and is not determined by an independent hypothetical situation.

In view of the conclusions we have reached, it is not necessary to consider the other assignments of error.

For the foregoing reasons, the judgment of the trial court is reversed and the case remanded for a new trial.

Reversed and remanded.

UDALL, C. J., and PHELPS, DE CONCINI and LA PRADE, JJ., concur.