658 P.2d 169

**Drake BLISS, Plaintiff-Appellant,**

v.

**Lee TREECE; Kay L. Treece; Eric Treece, by his next friend, Lee Treece, Defendants-Appellees.**

**No. 15842.**

Supreme Court of Arizona,
In Division.

Jan. 7, 1983.

Rehearing Denied Feb. 1, 1983.

Harold C. Stephenson, Flagstaff, for plaintiff-appellant.

Mangum, Wall, Stoops & Warden by Gerald W. Nabours, Flagstaff, for defendants-appellees.

HOLOHAN, Chief Justice.

Appellant Drake Bliss (Plaintiff) appeals from a judgment on a jury verdict in favor of Appellee Eric Treece (Defendant) in a tort action arising from an automobile accident in which Plaintiff sustained personal injuries and damage to his automobile. We have jurisdiction pursuant to A.R.S. § 12–2101(B) and Rule 19(e), Rules of Civil Appellate Procedure, 17A A.R.S.

Plaintiff challenges the trial judge's evidentiary ruling on the investigating police officer's opinion testimony as well as the court's decisions regarding certain requested jury instructions.

The essential facts are as follows:

Plaintiff and Defendant in their respective vehicles were en route to Flagstaff on old U.S. Highway 66. The collision occurred as Plaintiff overtook and began to pass Defendant. There is conflicting evidence regarding the events leading to the accident. Plaintiff asserts he was traveling 50–55 m.p.h. when Defendant's car drifted to the right, then veered sharply to the left into Plaintiff's path as Plaintiff began his passing maneuver. According to the Defendant, his vehicle inexplicably pulled to the left just prior to the collision. When the steering mechanism failed to return his car to the right, Defendant applied his brakes. At some point, Defendant's vehicle turned broadside and was hit by Plaintiff's vehicle which was being driven in excess of the speed limit.

There is evidence on the record to corroborate each party's version of the facts.

## OFFICER FAIRCHILD'S TESTIMONY

At trial, Flagstaff police officer, John Fairchild, was permitted to offer his opinion that Plaintiff was following Defendant too closely.

Plaintiff claims Fairchild could not testify as an expert for the following reasons:

1) Defendant's response to Plaintiff's interrogatories failed to list Officer Fairchild among the experts to be used at trial;

2) Expert assistance was unnecessary because the jury was capable of determining whether Plaintiff was following too closely;

3) Officer Fairchild was not an accident reconstruction expert; and

4) During pretrial conference and subsequently at trial, the court consistently sustained Plaintiff's objections to Officer Fairchild's "expert" testimony.

■ The decision to admit expert testimony lies within the trial court's sound discretion. *Englehart v. Jeep Corp.*, 122 Ariz. 256, 594 P.2d 510 (1979); *Shell Oil Co. v. Gutierrez*, 119 Ariz. 426, 581 P.2d 271 (App.1978); *Sequoia Mfg. Co., Inc. v. Halec Construction Co., Inc.*, 117 Ariz. 11, 570 P.2d 782 (App.1977); *Hinson v. Phoenix Pie Co.*, 3 Ariz.App. 523, 416 P.2d 202 (1966).

■ Defendant's failure to list Fairchild as an expert witness in answer to Plaintiff's interrogatories did not preclude the court from allowing the officer's expert testimony. The purpose of such interrogatories is to avoid unfair surprise at a point in the proceedings where adequate rejoinder is no longer possible. Here, Plaintiff first called the officer as his own witness. We find no fundamental unfairness in subsequently allowing Defendant to question the officer as an expert.

■ While the question whether Plaintiff was following too close to Defendant is an issue for the jury, it was not error to allow the officer's testimony. Expert opinion will not be rejected merely because it touches an ultimate issue or possibly invades the "province of the jury." Rule 704, Rules of Evidence, 17A A.R.S.; *State v. Williams*, 132 Ariz. 153, 644 P.2d 889 (1982).

Officer Fairchild testified that he was not an accident reconstruction expert, but this does not mean that his testimony was inadmissible.

■ Under Rule 702, Rules of Evidence, 17A A.R.S., a person with "specialized" knowledge may qualify and testify as an expert if his testimony will assist the trier of fact. *State v. Williams, supra; State v. Jessen*, 130 Ariz. 1, 633 P.2d 410 (1981); *Englehart v. Jeep Corp.*, 122 Ariz. 256, 594 P.2d 510 (1979). Rule 702 has not changed the case law developed in this area. *State v. Dickey*, 125 Ariz. 163, 608 P.2d 302 (1980). *See, e.g., State v. Macumber*, 112 Ariz. 569, 544 P.2d 1084 (1976); *cert. denied*, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978); *Board of Regents of the University and State Colleges of Arizona v. Cannon*, 86 Ariz. 176, 342 P.2d 207 (1959).

"[T]he only true criterion is: on *this subject* can a jury receive from *this per-*

*son* appreciable help? In other words, the test is a relative one, depending on the particular subject and the particular witness with reference to that subject, and is not fixed or limited to any class of persons acting professionally ..." (Emphasis in original).

7 Wigmore, Evidence § 1923 at 29 (Chadbourn rev. 1978). Fairchild properly qualified as an expert in this matter because his experience in accident investigation was beyond that of the ordinary person.

We recognize Plaintiff's early objections to the officer's testimony were sustained for lack of foundation. Had it been recorded, the side bar conference, preceding the judge's decision to allow the opinion testimony over Plaintiff's final objection, may have explained his rationale for doing so. Where the record is incomplete, a reviewing court must assume any evidence not available on appeal supported the trial court's action. *State v. Printz,* 125 Ariz. 300, 609 P.2d 570 (1980); *Cullison v. City of Peoria,* 120 Ariz. 165, 584 P.2d 1156 (1978); *State v. Villalobos,* 114 Ariz. 392, 561 P.2d 313 (1977). We therefore conclude the trial judge reconsidered his initial determinations regarding Fairchild's status and properly admitted the officer's opinions under Rule 702.

MODIFICATION OF PLAINTIFF'S REQUESTED INSTRUCTION CONCERNING (VOLUNTARY) LANE CHANGE

Plaintiff requested an instruction tracking the language of 9A A.R.S. § 28–729(1). The statute provides in pertinent part:

... A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety. ...

Defendant asked the court to insert the word "voluntarily" to prevent the jury from imposing liability for changing lanes prior to an accident even where, through no fault of his own, the driver lost control of his automobile. Plaintiff faults the trial court for adding the requested language, claiming he was forced thereby to prove an intentional tort.

The statutory language, "shall not *be moved,*" indicates a decision to exclude from its reach those movements which are beyond the driver's control. This interpretation is consistent with existing case law refusing to impose liability where the driver loses control due to a heart attack, stroke, fainting or epileptic spell, or when he falls asleep at the wheel, unless the driver knew or should have known such a contingency was likely and got behind the wheel nevertheless. *See, e.g., Pacific Employers Insurance Co. v. Morris,* 78 Ariz. 24, 275 P.2d 389 (1954). Similarly, in the absence of prior knowledge, no liability should flow from mechanical malfunctions or loss of control after being struck by another vehicle. *O'Donnell v. Maves,* 108 Ariz. 98, 492 P.2d 1205 (1972); *Platt v. Gould,* 26 Ariz.App. 315, 548 P.2d 28 (1976); *Dayton v. Palmer,* 1 Ariz.App. 184, 400 P.2d 855 (1965); see Prosser, The Law of Torts, § 29 (4th ed. 1971).

Certainly, in this case, the legislature might have fashioned an express exception for emergency situations or sudden mechanical failure as it did in other traffic statutes. *See, e.g.,* 9A A.R.S. § 28–602(19) (specific exceptions to definition of "stop, stopping or standing"); 9A A.R.S. § 28–871(B) and *Krauth v. Billar,* 71 Ariz. 298, 226 P.2d 1012 (1951) (stopping on highway, disabled vehicle exception); 9A A.R.S. § 28–602(10) and *Logan v. Margolis,* 5 Ariz. App. 183, 424 P.2d 831 (1967) (loading or unloading exception to prohibited parking). However, the legislature's failure to carve out specific exemptions does not lead inexorably to a conclusion that strict liability was intended for *any* improper lane change, including those which the driver could not avoid.

The trial judge's insertion of the word "voluntarily" into the statutory language simply reflects policy considerations underlying the statute. It did not, as Plaintiff contends, force him to prove an intentional violation in the sense that Defendant acted purposefully or willfully.

Evidence in the record indicates Defendant experienced some difficulty steering his vehicle. If Defendant knew of the steering problems before hand, merely driving the car may have been negligent. There is evidence that Defendant had a slight alignment problem prior to the accident, but there is also evidence that this condition gave him no reason to suspect that the steering was defective.

Plaintiff had the burden of establishing Defendant's negligence. Plaintiff's responsibility for developing his case was adequately set forth in the stock jury instructions on negligence, contributory negligence, causation, burden of proof, etc. The propriety of a court's decision to give or to refuse a particular instruction turns upon the likelihood of jury confusion about the correct rule of law to be applied to the facts. *Salt River Valley Water Users' Assoc. v. Arthur,* 51 Ariz. 101, 74 P.2d 582 (1937). *Doubek v. Greco,* 7 Ariz.App. 102, 436 P.2d 494 (1968). Although the statutory language alone would have been a proper jury instruction, insertion of the word "voluntarily" did nothing more than clarify that language. The trial court's addition comports with the plain meaning of the statute and did not prejudice the Plaintiff.

## DENIAL OF BRAKE STATUTE INSTRUCTION

Plaintiff contends the trial court erred in refusing the following requested instruction: "Every motor vehicle . . . when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold the vehicle."

In determining whether an instruction is justified, we must consider the evidence in the manner which provides the strongest possible support for the theory of the party seeking the instruction. *Evans v. Pickett,* 102 Ariz. 393, 430 P.2d 413 (1967); *Reichardt v. Albert,* 89 Ariz. 322, 361 P.2d 934 (1961); *Townsend v. Whatton,* 21 Ariz. App. 556, 521 P.2d 1014 (1974). Here, Plaintiff produced no evidence that Defendant's brakes failed or were in any way defective, aside from Defendant's testimony

that he "hit" or "applied" the brakes and the car came to rest at a right angle to highway traffic. Assuming, for argument's sake, the foregoing evidence was adequate to sustain an inference of brake failure, brake failure alone does not violate the statute. *O'Donnell v. Maves, supra; Dayton v. Palmer, supra.* It is clear the legislature intended to impose liability only if the motorist knew or should have known of the problem and/or otherwise failed to operate or maintain his brakes in a reasonable manner. If Defendant's brakes in fact failed, there is no evidence that Defendant knew or should have known of the problem. Thus, an instruction on the brake statute was not required.

## "UNAVOIDABLE ACCIDENT" INSTRUCTION

The court gave the following instruction, as requested by Defendant with certain modifications: "The fact that a collision happened does not necessarily mean that someone was negligent." Plaintiff alleges the instruction constitutes an unavoidable accident instruction without using the word "unavoidable." While it is always error to give an unavoidable accident instruction, the challenging party must show prejudice in order to obtain reversal. *Trickel v. Rainbo Baking Co. of Phoenix,* 100 Ariz. 222, 412 P.2d 852 (1966); *City of Phoenix v. Camfield,* 97 Ariz. 316, 400 P.2d 115 (1965). The first consideration is whether the instruction in question was in fact an unavoidable accident instruction. Since we conclude it was not, we need not reach the issue of prejudice.

In their briefs, both parties treat the instruction as an unavoidable accident charge. Defendant's citation in support of the instruction refers to a case in which an unavoidable accident instruction was given. *See, Beliak v. Plants,* 84 Ariz. 211, 326 P.2d 36 (1958) rehearing at 93 Ariz. 266, 379 P.2d 976 (1963).

The instruction in *Beliak v. Plants* differs fundamentally from the instruction given in this case. The *Beliak* instruction was a classic unavoidable accident instruction:

521

"You are instructed that if you find from a preponderance of the evidence that the accident in which plaintiff ... was injured was an unavoidable accident; that is, one which under all the circumstances is [sic] shown by the evidence was not the fault of either [plaintiff] or defendant ... the plaintiffs cannot recover.

*Beliak v. Plants,* 84 Ariz. at 215–16, 326 P.2d at 39. An unavoidable accident instruction is confusing to the jury because: "It improperly implies that 'unavoidable accident' is a separate and distinct defense from 'non negligence.'" *City of Phoenix v. Camfield, supra,* 97 Ariz. at 323, 400 P.2d at 120. The instant instruction, however, refers only to the absence of negligence and thus falls short of being an unavoidable accident charge. Moreover, there is no danger of jury confusion since the challenged instruction does not raise the possibility of some new or different defense.

Although the instruction given by the trial court is not approved in the Recommended Arizona Jury Instructions (hereafter RAJIs) neither is it one explicitly condemned by relevant case law. Admittedly, the challenged instruction is superfluous when coupled with the other instructions given at trial: specifically, RAJI Negl. 1A, *Statement of Issues as to Liability* (where contributory negligence is an issue); Negl. 2A, *Definition of Negligence* (where contributory negligence is an issue); Negl. 3, *Causation;* Negl. 5, *Contributory Negligence;* Negl. 7, *Violation of Statute;* and Negl. 9A, *Parties Having Burden of Proof* (where contributory negligence is an issue). Repetitiveness alone is not grounds for reversal. This is especially true where, as here, all applicable recommended instructions were given and the additional statement in no way altered their meaning. For these reasons, there was no error in giving the instruction.

Judgment affirmed.

HAYS and CAMERON, JJ., concur.