NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KIDIST CHEREKA, *Plaintiff/Appellant*,

*v.*

WORKNEH GADISSA, *Defendant/Appellee*.

No. 1 CA-CV 14-0624 FC

FILED 6-11-2015

Appeal from the Superior Court in Maricopa County
No. FC2014-004661
The Honorable Thomas Kaipio, Judge Pro Tempore

**AFFIRMED**

COUNSEL

Kidist Chereka, Phoenix
*Plaintiff/Appellant*

Workneh Gadissa, Phoenix
*Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Samuel A. Thumma joined.

---

**K E S S L E R**, Judge:

¶1            Kidist Chereka ("Mother") appeals from a judgment of the superior court removing her children from an order of protection issued by a justice court against the children's father, Workneh Gadissa ("Father"). For the reasons set forth below, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2            Mother and Father previously lived together and share legal decision making for their two children, S.W. (age 4) and K.W. (age 1). Mother alleged Father beat her and threw dangerous items at her.  She further alleged Father hit S.W., severely bruising him and threw hot water at S.W., requiring her to take him to the hospital.  Mother also alleged K.W. returned home from Father's care covered in rashes, including diaper rashes, and had not been fed while he was with Father.

¶3            Mother filed a request for a protective order against Father for herself, S.W., and K.W. in justice court.  The justice court granted Mother's request, listing Mother and the two children as protected persons.  The court then transferred the matter to the superior court, where a family court proceeding was pending between Mother and Father.  *See generally* Ariz. R. Prot. Ord. P. 4.  Father then requested a hearing to contest the protective order.  The superior court did not consolidate the transferred case from the justice court and the pending family court matter.[1]

¶4            The superior court held an evidentiary hearing.  In its minute entry from that hearing, after receiving testimony from Mother and Father and receiving various documentary exhibits, the court ruled that there was reasonable cause to believe that Father committed an act of domestic violence against Mother and that "significant acrimony exists between the parties" warranting the continuance of the order of protection, but found it

---

[1] The other matter not before us on appeal is Maricopa County Superior Court FC 2013-002025.

was appropriate to modify the order "by removing the minor children from" its protection "as stated on the record." The court accordingly filed an amended order of protection excluding the children.

¶5  Mother filed a timely notice of appeal from the superior court's order. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statutes ("A.R.S.") sections 12-2101(A)(1), -2101(A)(5)(b), and Rule 9(B)(2) of the Arizona Rules of Protective Order Procedure.

## ISSUES AND STANDARD OF REVIEW

¶6  On appeal, Mother argues: (1) the superior court erred by improperly excluding witness testimony that would have proven that the children needed to be included in the protective order; (2) the exclusion of such evidence violated her right to due process; (3) the superior court violated her First Amendment rights by preventing her from taking the children to church; and (4) the court improperly adjusted the parenting time preventing her from attending school.

¶7  We review the trial court's grant of an order of protection for an abuse of discretion. *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10, 330 P.3d 1013, 1016 (App. 2014). A court abuses its discretion when there is no factual support for the court's conclusions or the court erroneously applies the law. *Grant v. Arizona Pub. Serv. Co.*, 133 Ariz. 434, 455–56, 652 P.2d 507, 528–29 (1982). We review legal issues *de novo*. *Department of Child Safety v. Beene*, 235 Ariz. 300, 304, ¶ 8, 332 P.3d 47, 51 (App. 2014) (quoting *Mario G. v. Arizona Dep't of Econ. Sec.*, 227 Ariz. 282, 285, ¶ 12, 257 P.3d 1162, 1165 (App. 2011)). We view the evidence in a light most favorable to upholding the trial court's decision and will not overturn the trial court unless the ruling "is devoid of competent evidence to support the decision." *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5, 323 P.3d 1193, 1195 (App. 2014) (internal quotation marks and citations omitted). We review evidentiary rulings for misapplication of the law and abuses of discretion that result in unfair prejudice. *Larsen v. Decker*, 196 Ariz. 239, 241, ¶ 6, 995 P.2d 281, 283 (App. 2000), *amended* (Feb. 22, 2000). It is the duty of the appellant to order the necessary transcripts. Ariz. R. Civ. App. P. 11(c). When the record is incomplete, we assume that any missing evidence supports the trial court's ruling. *Bliss v. Treece*, 134 Ariz. 516, 519, 658 P.2d 169, 172 (1983).

## DISCUSSION

¶8  Mother's first two arguments are that the superior court erred in excluding a witness's testimony. She alleges that the judge was "mad"

at her for "appealing his July 21, 2014 Ruling" and that excluding the witness denied her due process. The record indicates that another witness was sworn but did not testify. Even if the superior court excluded that witness's testimony, Mother did not provide a transcript of the superior court proceeding. We presume that the evidence presented at trial supported the trial court's decision to exclude the witness's testimony and that the judge properly weighed the evidence in accordance with the relevant factors. *See Bliss*, 134 Ariz. at 519, 658 P.2d at 172; *Aguirre v. Robert Forrest, P.A.*, 186 Ariz. 393, 397, 923 P.2d 859, 863 (App. 1996).

**¶9**　　　　In addition, in the absence of a transcript, we cannot find any due process violation. The Fourteenth Amendment's due process protections entitle a party "to notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Curtis v. Richardson*, 212 Ariz. 308, 312, ¶16, 131 P.3d 480, 484 (App. 2006) (citing *Comeau v. Arizona State Bd. of Dental Exam'rs*, 196 Ariz. 102, 106–07, ¶ 20, 993 P.2d 1066, 1070–71 (App. 1999)). Due process entitles a party to offer evidence and challenge adverse testimony. *Id.* at ¶ 16 (citing *Application of Levine*, 97 Ariz. 88, 91–92, 397 P.2d 205, 207 (1964)). Due process also entitles parties who do not understand English to have the proceedings translated into their native language. *See cf. State v. Natividad*, 111 Ariz. 191, 194, 526 P.2d 730, 733 (1974) (stating that it is "axiomatic" for a criminal defendant who does not speak English to have the proceedings translated into his or her native language so long as a request for translation is timely made). The minute entry from the hearing shows that Mother was present for the evidentiary hearing, was permitted to participate, was represented by counsel, and had the benefit of a court interpreter to interpret from English to the parties' native language. Given the lack of any transcript, we presume the court did not deny Mother due process of law. *See Larsen*, 196 Ariz. at 241, ¶ 6, 995 P.2d at 283.

**¶10**　　　　Mother also argues that the superior court violated her First Amendment rights by precluding her from taking the children to church and further erred in preventing her from going to school by changing parenting time. The amended order of protection from which Mother appeals does not restrict Mother's choice of where to take her children to worship nor does it address parenting hours. We will only consider issues raised in proceedings before the superior court. *See Quila v. Schafer's Estate*, 7 Ariz. App. 301, 302, 438 P.2d 770, 771 (1968). If there are orders in the related family court proceeding involving these issues it is not before us, and the notice of appeal did not include such orders. Accordingly, we express no opinion on them.

**CONCLUSION**

**¶11** For the reasons set forth above, we affirm the superior court's amended protective order.



Ruth A. Willingham · Clerk of the Court
FILED: ama