NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

SOILA ANN VASQUEZ-ARAIZA, *Petitioner/Appellee*,

*v.*

JOSE LOPEZ GURROLA, *Respondent/Appellant*.

No. 1 CA-CV 13-0716 FC

FILED 8-4-2015

Appeal from the Superior Court in Maricopa County
No. FN 2011-091360
The Honorable Boyd W. Dunn, Judge *Retired*

**AFFIRMED**

COUNSEL

Jose Lopez Gurrola
*Respondent/Appellant*

Soila Ann Vasquez-Araiza
*Petitioner/Appellee*

<hr>

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Maurice Portley joined.

<hr>

**W I N T H R O P**, Judge:

¶1   Jose Lopez Gurrola ("Husband") appeals the family court's decree of dissolution awarding certain real property to Soila Vasquez-Araiza ("Wife"). Husband does not contest the family court's award of the parties' business to Wife, or the overall distribution of the parties' personal property and community debts. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2   After approximately twenty-nine years of marriage, Wife served a petition for dissolution on Husband in April 2011. The parties initially attempted to negotiate a settlement regarding their personal and real property, and Husband ultimately filed a "Notice of Settlement and Motion to Vacate Trial." The family court vacated the trial setting and ordered the parties to submit their settlement documents by April 11, 2013. No settlement agreement was ever filed. After retaining new counsel, Wife filed a "Motion for Contempt, Sanctions, Attorney's Fees, and Request for Expedited Hearing," alleging that Husband fraudulently induced Wife into a settlement and dissipated marital assets. Wife further contended Husband had failed to provide any disclosures or financial information as ordered by the court, and Wife had negotiated a settlement based solely upon assurances made by Husband. Wife also alleged Husband interfered with the operations of the family business.

¶3   Without ruling on Wife's motion, the family court set a new trial date for July 10, 2013, and ordered that all discovery and disclosure be completed by June 10, 2013. Wife filed her disclosure statement on June 7, 2013. Husband filed his "Supplemental Rule 49 Statement" on July 3, 2013. During trial, the parties agreed: (1) neither party would receive spousal maintenance; (2) Wife was entitled to ownership of the family business; (3) Wife would receive a residence on Millett in Mesa; and (4) both Husband and Wife would receive the vehicles in his or her possession. Although both parties testified during trial, the record on appeal does not include transcripts of the proceedings.

¶4 The family court dissolved the parties' marriage on August 23, 2013. The court awarded Wife the marital residence on Mesa Drive in Mesa and the residence on Millett, and Husband was awarded a residence on Winterhaven in Mesa. The court ordered that a 4-plex property on Horne Street in Mesa be sold and the proceeds divided, with Husband required to reimburse Wife $31,750.35 from his share for improper expenditures, including (1) $19,409.35 that Husband spent without agreement or authorization after the dissolution petition was filed, and (2) $12,341.00 Husband owed to the family business. The court also ordered Husband to pay Wife half of the proceeds of Husband's unauthorized sale of the parties' personal property. The family court also found Husband had acted unreasonably during the course of the litigation and, pursuant to Arizona Revised Statutes ("A.R.S.") section 25-324,[1] awarded Wife her attorneys' fees and costs.

¶5 Husband filed a motion for new trial on September 9, 2013, which the family court denied. Husband timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

**ANALYSIS**

¶6 Husband argues the family court's apportionment of real property was unfair. In addition, Husband asserts Wife should have been bound by the pretrial settlement agreement. Where a family court acts equitably, we will not disturb its apportionment of community property absent an abuse of discretion. *Cockrill v. Cockrill*, 139 Ariz. 72, 74-75, 676 P.2d 1130, 1132-33 (App. 1983). As the appellant, Husband had a duty to produce the entire record, including providing necessary transcripts. *See* ARCAP 11(b). He failed to do so, and this court will thus assume the missing record supports the family court's findings. *See Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995); *see also Bliss v. Treece*, 134 Ariz. 516, 519, 658 P.2d 169, 172 (1983) ("Where the record is incomplete, a reviewing court must assume any evidence not available on appeal supported the trial court's action."). In light of that assumption, we find no error in the family court's distribution of the community property.

¶7 The record before us does not include complete information regarding encumbrances on the real property allocated to the parties. Without that information, we cannot say that the family court's division of real property was inequitable. And without a transcript from the trial, we

_____

[1] We cite the current version of the statutes if no revisions material to our decision have occurred since the relevant dates.

cannot assess whether the family court otherwise failed to consider evidence, improperly admitted evidence, or violated court rules. Based on this record, we find no abuse of discretion, as the limited record supports the family court's division of the community property.

**¶8** Husband's assertion that Wife should have been bound by the settlement agreement is without merit. The alleged agreement appears in an extensive email exchange between the parties' counsel negotiating the distribution of the community property and debts. At the conclusion of this negotiation, Husband's counsel indicated he would prepare the "notice of settlement and motion to vacate trial," which was ultimately filed on March 12, 2013, one day before the original trial date. The family court then vacated the trial and ordered the settlement agreement be filed by April 11, 2013. No settlement agreement was ever filed. Husband's assertion that Wife is bound by Rule 69(B), Ariz. R. Fam. Law P., is unfounded, as no agreement was ever reduced to a writing or set forth on the record. Moreover, even assuming *arguendo* the email negotiations could be deemed to establish an agreement, the family court had discretion to find the agreement was unfair and issue orders for the disposition of the parties' property in a dissolution decree. *See* A.R.S. § 25-317; *see also* Rule 69(B). Accordingly, we see no error in the family court's ultimate distribution of the parties' property.

**CONCLUSION**

**¶9** For the foregoing reasons, we affirm the family court's decree delineating the distribution of the community property and order denying Husband a new trial.



Ruth A. Willingham · Clerk of the Court
FILED: RT