466 P.2d 5

**Clyde THOMPSON and Sherry Ann Thompson, husband and wife, Appellants,**

**v.**

**The STATE of Arizona and Joseph A. Lizarraga, Appellees.**

**No. 9816.**

Supreme Court of Arizona, In Division.

March 6, 1970.

Rehearing Denied April 21, 1970.

Cavness, DeRose, Senner & Foster, by Jack C. Cavness and John Rood, Phoenix, for appellants.

Gary K. Nelson, Atty. Gen., by John H. Lyons, Spec. Asst. Atty. Gen., of O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, for appellees.

UDALL, Justice.

This matter is before us on appeal from a judgment that was entered on a verdict in favor of the defendants in the Superior Court of Maricopa County, Arizona.

The plaintiffs, Clyde and Sherry Thompson, husband and wife, filed an action against the State of Arizona and Joseph A. Lizarraga, an Arizona highway patrolman, seeking to recover damages for personal injuries sustained by Sherry in an automobile accident in which the automobile operated by Lizarraga, who was acting within the scope of his employment by the State, collided with the automobile driven by Sherry. The accident occurred on Highway 60, approximately one-half mile east of the town of Aguila in Maricopa County, Arizona.

The facts are in conflict. Sherry testified that about eight o'clock a. m. on August 23, 1963, upon leaving Burro Jim's Cafe east of Aguila, she pulled onto the edge of the highway to proceed westward thereon; that before moving onto the highway she waited for one car to pass; she then looked both directions and she observed a white car, "away down the highway", approaching from the east. Thereupon she entered the highway and proceeded to a position to the north of the center line of the highway going west. She then noticed, in her rearview mirror, that the identical car was coming at a high rate of speed. She testified that within the course of a moment or two, the car coming from the rear had collided with her car, causing injury to herself and damage to her car.

Lizarraga testified that in the discharge of his duties as a patrolman he was pursuing a speeding motorist who was approximately one-half mile ahead of him. He admits he was going at a high rate of speed in a sixty-mile zone, but contends he was not driving recklessly or carelessly. When he was approximately three or four hundred feet east of Burro Jim's Cafe, and while he could see the speeding vehicle ahead of him, he first saw the plaintiff's car come up an incline toward the highway from the parking area in front of "Burro Jim's". He testified that he thought she would stop before entering the highway. Upon discovering that the car was not going to stop he first thought that he might get around the car to the right. But as Sherry's car went partly across the center line into his lane, he veered to the left and applied his brakes. In spite of the evasive action on his part, it was impossible to avoid the collision with Sherry's car, which occurred on the roadway somewhat west of the cafe. The matter was tried to a jury which returned a verdict for the defendants.

The plaintiffs' only contention on appeal is that the trial court committed error in refusing to instruct the jury as to the effect of defendant Lizarraga's claimed gross or wanton conduct as a bar to the defense of contributory negligence.

The plaintiffs maintain that under the evidence adduced at trial they were clearly entitled to such an instruction. The requested instruction, which the Court refused to give, reads as follows:

"CONTRIBUTORY NEGLIGENCE—NO BAR WHERE DEFENDANTS CONDUCT GROSS OR WANTON

"On the question of contributory negligence, you are instructed that if you find that a defendant was negligent and that such negligence was a proximate cause of the accident, and you further find that the negligence of such a defendant was gross or wanton, then I instruct you that such defendant cannot take advantage of the defense of contributory and in that event the plaintiff, even though you believe he was negligent, would be entitled to recover against that defendant.

"The word 'wanton' as used in these instructions indicates a reckless disregard of the rights of others or a reckless indifference to results. In this connection I instruct you that by a reckless disregard of the rights of others or reckless indifference to results as those words have just been used, is meant the intentionally doing of an act or the failure to do an act which it was the duty of the defendant to do, with knowledge on their part or reason to have knowledge of facts which would lead a reasonable man to realize that his conduct not only created an unreasonable risk of bodily harm to people on the road, but also a high degree of probability that substantial harm would result to such persons."

The element of gross or wanton conduct on the part of Lizarraga was not alleged in the complaint, and the plaintiffs did not make a motion for leave to amend the complaint to conform to the evidence which they claim showed gross or wanton conduct.

It is contended by Lizarraga that the issue of gross or wanton conduct becomes an issue of law when reasonable men could not differ as to the conclusions to be drawn from the evidence. He asserts there is no evidence in the record from which reasonable men could conclude that he was guilty of gross or wanton conduct. He was driving at a high rate of speed for the purpose of performing his duties as a highway patrolman in apprehending a "speeder". Although he had been going at a high speed when the plaintiff unexpectedly came on to the highway, he had his car under sufficient control to reduce the speed so that when the right side of the State's car came in contact with the left-rear bumper of plaintiff's car, neither car was knocked out of control and the cars came to a stop on opposite sides of the highway.

Sherry's testimony sustains defendant Lizarraga's contention that his conduct was neither gross nor wanton; her testimony in part follows:

"Q Would you just describe the collision that occurred, how did it feel; what did you hear, anything else.

"A How did I feel? Well, I just felt the crash and felt like the car in the back went up just a little ways.

"Q Alright, what did you do after the collision?

"A Well, I just grabbed the wheel until I came to a little off-road. It wasn't a road. I guess maybe it used to be. I don't know; but it was there just off the highway. I pulled in there, stopped my car in there.

"Q Did you then see the defendant, who has testified, in his patrol car?

"A Yes, sir, he stopped right across from me."

Sherry's injuries were not severe enough to prevent her driving her car to Los

Angeles that day, without any repairs or adjustments to the car, and apparently without any serious consequences to herself.

The courts in other states have made a clear distinction between negligence and careless conduct, as compared with gross, wanton conduct. In Decker v. Roberts, 125 Conn. 150, 3 A.2d 855 (1939), in a similar fact situation the Court held as follows:

"There is no evidence in the case from which the jury could have reasonably inferred that the conduct of [defendant] was such as to indicate a reckless disregard of the just rights or safety of others or of the consequences of action. On the contrary, the only reasonable inference which the jury could have drawn from the evidence was that [defendant] tried to avoid a collision." 3 A.2d at 857.

The court also stated that "wanton misconduct is more than negligence, more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action." Decker v. Roberts, supra, 3 A.2d at 857. See also, Maupin v. Dennis, 252 Miss. 496, 175 So.2d 130 (1965); Barr v. Curry, 137 W.Va. 364, 71 S.E.2d 313 (1952).

In Smith v. Cullen, 270 Ala. 92, 116 So.2d 582 (1959), the Alabama court quoted with approval the following language:

" * * * Wantonness is a conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result." 116 So.2d at 585.

See also Mink v. Brown, 276 Ala. 3, 158 So.2d 647 (1963).

In Elliott v. Peters, 163 Kan. 631, 185 P.2d 139 (1947), the court cited the following description of wanton conduct:

"To constitute wantonness the acts complained of must show not simply lack of due care, but that the actor must be deemed to have *realized* the imminence of injury to others from his acts and to have refrained from taking steps to prevent the injury because indifferent to whether it occurred or not. Stated in another way, if the actor has reason to believe his act may injure another, and does it being indifferent to whether it does or not, he is guilty of wanton conduct." 185 P.2d at 143.

In Marks v. Goodding, 96 Ariz. 253, 394 P.2d 192 (1964), we held that one who is driving on a through, or favored highway, may assume that a motorist approaching from a side road will stop in order to give him the right of way. He has the right to rely on this assumption until such time as it becomes apparent to him, acting as a responsible person, that the other motorist does not intend to stop or give him the right of way. See also, Davis v. Webber, 93 Ariz. 312, 380 P.2d 608 (1963).

In the case of Lutfy v. Lockhart, 37 Ariz. 488, 295 P. 975 (1931), a case where the defendant, while driving in a careless manner, injured the plaintiff, this Court set forth the distinctions between the terms "wilful", "wanton" and "negligent."

"Negligence ordinarily is the result of carelessness, wilfulness implies an intent or purpose to do a thing, while wantonness implies an indifference as to the result of an act." 37 Ariz. at 495, 295 P. at 978.

In *Lutfy* this Court held that the trial court properly instructed only on ordinary negligence:

"The violation of the speed limit as fixed by ordinance or statute can hardly be said to be willfully wanton, in the absence of a statement of the facts showing it to be of that character." 37 Ariz. at 495, 295 P. at 978.

The actions of officer Lizarraga under the facts in this case did not, as a matter of law, constitute gross or wanton conduct.

**404**

The trial court's refusal to instruct on gross or wanton conduct, as requested by appellants, was not error.

Judgment affirmed.

STRUCKMEYER, V. C. J., and McFARLAND, J., concur.