500 P.2d 1142

**Joe B. HARRIS and Dortha Harris, his wife, Appellants,**

v.

**Henry A. THOMPSON, Appellee.**

**No. 1 CA–CIV 1678.**

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 19, 1972.

Rehearing Denied Oct. 26, 1972.

Review Denied Nov. 28, 1972.

Hughes, Hughes & Conlan, by John C. Hughes, Phoenix, for appellants.

Malcolm P. Strohson, Phoenix, for appellee.

DONOFRIO, Judge.

This appeal is from a judgment entered in favor of defendant-appellee-tenant Henry A. Thompson after jury trial on a complaint by plaintiff-appellant-landlord Joe B. Harris and his wife alleging damages of $1087.70 to the demised premises as a direct result of defendant's removal of property at the time defendant was compelled to vacate. The parties will be referred to as they appeared in the trial court.

The facts deemed necessary for disposition of this appeal are as follows: Plaintiffs proceeded to trial on a complaint alleging waste and unreasonable wear and tear on the leasehold premises owned by them and leased to defendant to operate as a barroom at 1337 E. Indian School Road in Phoenix. Defendant filed a counterclaim for $10,000 which represented the value of possessions which plaintiffs refused to permit defendant to take with him at the time plaintiffs obtained a judgment of forcible entry and detainer, and also included damages to his furnishings and equipment. Motions to dismiss the counterclaim were made before trial and

denied, with the right to re-urge the motion at trial. The record reflects several objections by plaintiffs during the course of trial as to the introduction of any evidence regarding the counterclaim; in particular, any testimony of the value of improvements put into the premises by the defendant. The jury reached a verdict of $200 for defendant on his counterclaim.

Subsequently a motion for new trial was made and denied while the judge simultaneously granted plaintiffs' motion to strike the counterclaim as being barred by collateral estoppel as a subsequent attack on a former Maricopa County Superior Court judgment which this Court affirmed in Thompson v. Harris, 9 Ariz.App. 341, 452 P.2d 122 (1969), even though it was held to be a judgment of eviction rather than of forcible entry and detainer. The judgment in the instant case was then amended to delete the verdict of $200 so that judgment was finally had for defendant on plaintiffs' complaint.

On appeal the plaintiffs have raised the following question: Did the trial court err in failing to grant plaintiffs' motion for new trial following the post-trial dismissal of defendant's counterclaim?

 In Arizona the standard accepted for determining whether prejudicial error has been committed is where improper evidence was admitted upon which the jury *might* act. Valley Transp. System v. Reinartz, 67 Ariz. 380, 197 P.2d 269 (1948). Where an appellate court would be unable to say that the jury would have reached the same verdict had the testimony that was improper been excluded, the reviewing court must hold that reversible error was committed. Pacific Employers Insurance Company v. Morris, 78 Ariz. 24, 275 P.2d 389 (1954). Applying these principles to the case at bar, it is eminently clear that a verdict of $200 for the defendant would not have been returned had the judge ruled before the case was given to the jury that the counterclaim was barred as a matter of law. Furthermore, we are unable to state with any certainty that the jury would

have returned a verdict for defendant on plaintiff's complaint, which is precisely what the amended judgment from which the appeal was taken specifies. It is entirely possible that absent any evidence of the defendant's improvements the plaintiffs may have been successful on their complaint. Since we are unable to determine what the verdict would have been without resorting to speculation, we are compelled to reverse.

Since no cross-appeal was filed, we need not question the propriety of the court's post-trial ruling that Thompson v. Harris, supra, barred any counterclaim in the instant case.

The judgment of the trial court is reversed.

STEVENS, P. J., and CASE, J., concur.