521 P.2d 1014

Clifford N. TOWNSEND and Irene A. Townsend, husband and wife, Appellants,

v.

Thomas Eugene WHATTON, Jr., et al., Appellees.

No. 2 CA–CIV 1561.

Court of Appeals of Arizona, Division 2.

April 30, 1974.

Rehearing Denied June 5, 1974.

Review Denied June 25, 1974.

Aboud & Aboud by Michael J. Aboud, Tucson, for appellants.

Bilby, Thompson, Shoenhair & Warnock, P. C., by Michael A. Lacagnia, Tucson, for appellees.

## OPINION

HOWARD, Judge.

This case involves a two-car automobile accident involving appellants' automobile and an automobile driven by appellee Thomas E. Whatton, Jr., which occurred on Flowing Wells Road in Tucson, Arizona. The case was tried before a jury which returned a defense verdict.

Viewing the evidence in the light most favorable to upholding the verdict of the jury it appears that appellee's vehicle was traveling south on Flowing Wells Road in Tucson, Arizona. Appellants' vehicle turned into Flowing Wells Road and headed south in front of appellee's vehicle. When appellants attempted to change lanes and go into the lane traveled in by him,

appellee hit his brakes and swerved his vehicle in order to avoid hitting them. Appellee's vehicle laid down 159 feet of skidmarks prior to impact and an additional 66 feet after impact before it came to rest against a fence enclosing Flowing Wells High School. At the time of the accident a basketball game was in progress at Flowing Wells High School. No other vehicles were on the road at the time of the accident. Appellee's vehicle was traveling at a speed of approximately 35 to 40 mph. but could not avoid striking the rear of appellants' vehicle. Both appellants suffered "whiplash" injuries. The accident dented the rear end of the appellants' automobile.

■ Appellants' theory of the case was that appellee had been drag racing with another automobile when the accident occurred. Appellants' daughter, who was going to the basketball game, testified that about five minutes prior to the accident she saw two cars, one of which was appellee's, going north on Flowing Wells Road. Appellants claim the trial court erred in refusing to allow the daughter to testify that both cars were going at a speed in excess of that which was reasonable and prudent under the circumstances. We do not agree. A non-expert witness, where qualified by sufficient experience, may give an opinion as to the speed of a vehicle if there has been a reasonable opportunity to observe it. Jeune v. Del E. Webb Const. Co., 76 Ariz. 418, 265 P.2d 1076 (1954) Even a non-driver may be sufficiently qualified to give an estimate of speed. For example, in Southwestern Freight Lines, Ltd. v. Floyd, 58 Ariz. 249, 119 P.2d 120 (1941), a 12 year-old girl who had often ridden with her father and had watched the speedometer on those occasions and who stated that she believed she could look at a car and estimate its speed was properly allowed to give her opinion. But an estimate of speed should be couched in terms of miles per hour, fast or slow, etc., rather than in terms of a judgment as to prudence. Rivera v. Hancock, 79 Ariz. 199, 286 P.2d 199 (1955).[1]

■ Appellants next complain that the trial court erred in not instructing the jury that violation of A.R.S. § 28–708 constituted negligence per se and further refusing to instruct the jury on the issue of gross or wanton negligence and the consequences of the same on the issue of contributory negligence. In deciding whether or not the instructions should have been given we apply the test stated in Reichardt v. Albert, 89 Ariz. 322, 361 P.2d 934 (1961) and followed in Nichols v. Baker, 101 Ariz. 151, 416 P.2d 584 (1966):

"'* * * It is not necessary to the giving of an instruction that the evidence should establish conclusively the hypothesis stated in it; if there is any evidence conducing to establish the assumption it is sufficient to authorize the giving of the instruction, and it is for the jury to find out whether the facts stated are made out by the evidence. * * *' [citation omitted]

Of course, the evidence of wanton negligence must be more than slight and inconclusive bordering on the realm of conjecture. . . ." 101 Ariz. at 153, 416 P.2d at 586.

Looking at the evidence, we find that the accident was witnessed by a Mr. Joe Branham, the school security guard who observed the accident from the sidewalk area on the west side of Flowing Wells Road and a couple of hundred feet north of the point of impact. He was a member of the Pima County Sheriff's Reserve and in the course of his duties had investigated approximately 40 to 50 accidents. He stated that appellee's car and another car passed him in a southerly direction at a high rate of speed; that they were almost side by side and going so fast that when they came upon the appellants' car they had to take evasive action. He stated that one car went to the left of appellants' vehicle and that appellee's car, in

---

1. On the issue of opinions and conclusions of non-experts, see Udall, *Arizona Law of Evidence* § 22.

an attempt to go to the right of the appellants' vehicle, went up over the curb and through the fence backwards. Also, that he first became aware of the automobiles when he heard an automobile that was ". . . really winding up" at the intersection of Roger and Flowing Wells Roads which is north of the accident site. Both automobiles were using the two southbound lanes, one slightly to the rear of the other, and in his opinion they were going in excess of 60 mph. The posted speed limit was 35 mph. Appellants' daughter also testified that she was standing outside the high school waiting for her parents just prior to the time the accident occurred and heard car engines "revving up" and "winding up" from the vicinity of Roger Road which noise continued up until the time of impact.

Appellee, Tom Whatton, Jr., admitted that a friend of his was driving a car behind him but Whatton claimed the other vehicle was 10 to 12 car lengths behind at the time of the accident.

Appellees defend a failure to give the instructions by contending that Mr. Branham's testimony was not worthy of belief and, on the gross negligence issue, by contending there was no evidence of gross negligence since (1) the impact was not great and (2) Tom Whatton, Jr., did everything he could to avoid the accident by his evasive actions.

■ We do not agree with appellees' contentions and hold that the trial court committed prejudicial error in failing to give the proffered instructions.

A.R.S. § 28–708 provides:

"A. No person shall drive any vehicle in any race, speed competition or contest, drag race or acceleration contest, test the physical endurance, exhibition of speed or acceleration, or for the purpose of making a speed record on a street or highway, and no person shall in any manner participate in any such race, competition, contest, test, or exhibition.

B. Drag race is defined as the operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to outdistance each other, or the operation of one or more vehicles over a common selected course, from the same point, for the purpose of comparing the relative speeds or power of acceleration of such vehicle or vehicles within a certain distance or time limit.

C. Racing is defined as the use of one or more vehicles in attempt to outgain, outdistance, or prevent another vehicle from passing."

Absent an admission by the participants in the drag race that they were so engaged, or an eyewitness to the drag race, the fact of drag racing necessarily will have to be inferred from the evidence. We believe there is sufficient evidence from which the jury could legitimately infer that Tom Whatton, Jr. was engaged in a drag race with another automobile at the time of the accident. Appellees assail the testimony of Joe Branham on the grounds that the times and distances stated by him are patently incredible. We do not agree. Although some of his testimony may have been inconsistent, we recognize that an individual's estimate of time and distance may not be completely accurate because of the attendant circumstances. It is for the jury to consider such inconsistencies and rationalize and harmonize them, if the evidence so permits, taking into consideration human shortcomings.

On the issue of gross or wanton conduct, appellees point to the case of Thompson v. State, 105 Ariz. 400, 466 P.2d 5 (1970) as substantiating their contentions. We do not agree. In the *Thompson* case the defendant was an Arizona Highway patrolman who was pursuing a speeding motorist. He was going at a high rate of speed in a 60 mph. zone when he first saw the plaintiff's vehicle come up an incline towards the highway from a parking area in front of a restaurant. He thought the vehicle would stop before entering the highway. Upon realizing that it was not going to stop he took evasive action but in

spite of it, collided with the vehicle. Although he had been going at a high rate of speed when the plaintiff unexpectedly came on to the highway, he had his car under sufficient control to reduce the speed so that when the right side of his car came in contact with the left rear bumper of the plaintiff's car, neither car was knocked out of control and the cars came to a stop on opposite sides of the highway.

In the case at bench under appellants' theory, we do not have Tom Whatton, Jr. engaged in a legal activity, but engaged in a drag race in excess of 60 mph. in a 35 mph. zone in a high school area where a basketball game was being held. Furthermore, there is no evidence that he reduced his speed nor that he had the vehicle under control, as evidenced by the fact that he left skid marks of 66 feet after impact, jumped the curb and crashed backwards into the fence. In Thompson v. State, supra, the court held that the evidence did not show either gross or wanton negligence on the part of the highway patrolman. It approved the following language in Decker v. Roberts, 125 Conn. 150, 3 A.2d 855 at 857 (1939):

" 'Wanton misconduct is more than negligence, more than gross negligence. *It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action.' "* (Emphasis added)

In Newman v. Piazza, 6 Ariz.App. 396, 433 P.2d 47 (1967) we quoted with approval from the Restatement (Second) of Torts, § 500. That section uses the language of *Thompson* when it speaks of the defendant's misconduct, not in terms of "gross negligence or wanton negligence", but in terms of "reckless disregard of the safety of another". Restatement (Second) of Torts § 503 states that a plaintiff's contributory negligence does not bar recovery for harm caused by the defendant's reckless disregard for the plaintiff's safety.

Reckless disregard of safety is defined in Restatement (Second) of Torts § 500 as follows:

"The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent."

For conduct to amount to a reckless disregard of the safety of others it must be something more than negligent. It must not only be unreasonable, but must involve a risk of harm to others substantially in excess of that necessary to make the conduct negligent. It must involve an easily perceptible danger of death or substantial physical harm, and the probability that it will so result be substantially greater than is required for ordinary negligence. It is not necessary that the actor know there is anyone within the area made dangerous by his conduct. It is enough that he knows there is a strong probability that others may rightfully come within such zone of danger. We believe that drag racing at a speed in excess of 60 mph., in a 35 mph. zone and in the vicinity of a high school basketball game involves a risk of harm substantially in excess of that which would be involved in, for example, the mere act of speeding.

Reversed and remanded for a new trial.

HATHAWAY, C. J., and KRUCKER, J., concur.