661 P.2d 659

**Richard Colen GROENER, a minor by and through his mother and next friend, Teresa T. Groener, and Teresa T. Groener, Plaintiffs-Appellants,**

v.

**Robert Charles BRIEHL, and Martin J. Briehl and Margaret J. Briehl, husband and wife, Defendants-Appellees.**

**No. 1 CA–CIV 5713.**

Court of Appeals of Arizona, Division 1, Department A.

Feb. 3, 1983.

Rehearing Denied March 9, 1983.

Review Dismissed April 6, 1983.

Wentworth & Lundin by Stephen W. Myers, John E. Lundin, Phoenix, for plaintiffs-appellants.

Johnson, Jessen, Dake & Oplinger, P.A. by G. Michael Jessen, Ruth Harris Hilliard, Phoenix, for defendants-appellees.

## OPINION

KLEINSCHMIDT, Judge.

This suit was brought by plaintiff Teresa T. Groener, mother of Richard Colen Groener, against the defendants, Robert Charles Briehl and his parents, for injuries suffered by Colen when he was struck by an automobile driven by Briehl on Indian School Road in the Phoenix metropolitan area. The jury returned a verdict for the defendants and the trial court entered judgment in accordance with the verdict. Plaintiffs appeal from the judgment and from the denial of their motion for new trial. The parties will be referred to on appeal as they were designated in the trial court.

The accident occurred near the intersection of Indian School Road and Spur Circle Drive. Indian School Road is a major thoroughfare running east and west through the Phoenix metropolitan area. In the area where the accident occurred, Indian School Road is four lanes wide, with two lanes for

eastbound and two lanes for westbound traffic. A large canal with a concrete embankment several feet high runs parallel to Indian School Road on the north so that no roads from the north intersect Indian School Road between 56th Street and 68th Street. The south side of Indian School Road in this area is residential with various residential streets from the south intersecting with Indian School Road. Spur Circle Drive is one such street, located just west of 61st Street. There are no crosswalks at or near where Spur Circle Drive forms its T-intersection with Indian School Road.

On the afternoon of April 14, 1976, 4 year old Colen and Colen's 12 year old cousin rode bicycles along Spur Circle Drive to Indian School Road. The boys parked their bikes somewhere near the southeast corner of the intersection. The 12 year old ran across Indian School Road to look in the canal. Within seconds after the 12 year old reached the canal bank, Colen attempted to follow, running out into the street. The speed limit on Indian School Road was 45 miles per hour. Robert Briehl, a 17 year old high school student, was driving east on Indian School Road in the center lane. He was driving at the speed limit and with the flow of traffic. Briehl did not see Colen until he was almost upon him. Although he immediately swerved to the left and locked his brakes causing his car to head into the center westbound lane of the street, he hit and injured the child.

Plaintiffs specify that the trial court erred as follows:

1. In allowing the eyewitness, Mr. Rogers, who was a lay witness, to testify that it was his opinion that there was no way that the driver of the automobile could have avoided hitting the child.

2. In failing to give plaintiff's requested jury instruction that the driver of a vehicle has no right to assume the road is clear but under all circumstances must be vigilant and anticipate the presence of others so as to avoid collisions.

We first address the question of whether the eyewitness should have been permitted to testify that the accident was unavoida-ble. Mr. Rogers testified that he was stopped in the center westbound lane of Indian School Road waiting to make a left-hand turn some 75 feet east of the accident scene. As he waited for traffic to clear, he saw the two young boys get off their bikes and lay them down along the southeast corner of the Indian School Road and Spur Circle Drive intersection. He then saw the older boy dash across the street to the canal bank. It appeared to Mr. Rogers that the older boy was motioning to the younger one. Mr. Rogers then turned his gaze to the younger boy who was just then stepping onto the roadway and running as hard as he could. As he followed the young boy with his eyes, the Briehl vehicle came into his sight an instant before the car's impact with the boy. At that point Mr. Rogers saw the vehicle brake and swerve and collide with the youngster.

Plaintiffs filed a motion in limine prior to trial seeking to exclude any opinion testimony from Mr. Rogers on whether the accident was unavoidable. The trial court declined to rule before trial that opinion testimony from the witness would not be admitted, but the court stated that it would rule on the objection at trial depending on the particular way the question was posed. The court indicated that it would probably sustain the objection if the question to the witness were merely whether in his opinion the accident was unavoidable. At trial the defense attorney did in fact ask Mr. Rogers "do you know of any way in the world that the car that was coming down the road could have avoided striking or colliding with the youngster?" Plaintiffs' attorney objected to the question stating that there was no foundation as to whether the witness had perspective and opportunity to perceive whether the defendant had had time to react to the situation to avoid the collision. The court overruled the objection and the witness gave the answer that "In my own feelings I don't see how it was possible for anyone to miss him. They both arrived at that point at the same time."

■ Plaintiffs argue that Mr. Rogers' opinion testimony that the accident was

unavoidable is not admissible under the rules of evidence and that its admission into evidence by the trial court amounted to prejudicial error. The question of whether a lay witness is qualified to testify as to any matter of opinion is a preliminary determination within the sound discretion of the trial court whose decision must be upheld unless shown to be clearly erroneous or an abuse of discretion. *United States v. Skeet,* 665 F.2d 983 (9th Cir.1982); *Randolph v. Collectramatic, Inc.,* 590 F.2d 844 (10th Cir. 1979); *Cf. State v. Fierro,* 124 Ariz. 182, 603 P.2d 74 (1979); *Shell Oil Co. v. Gutierrez,* 119 Ariz. 426, 581 P.2d 271 (App.1978).

■ Rule 701, Ariz.R.Evid., sets forth the limitations on admitting opinion testimony from lay witnesses. The opinions must be "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." We agree with the plaintiffs that the witness' testimony that the accident was unavoidable was inadmissible under both of the limiting provisions of the rule. On cross-examination Mr. Rogers revealed that he had no knowledge of the speed of the Briehl car or the distance from the scene of the accident that Colen was observable to Briehl since he did not even look at the car until the instant before impact. He also had no knowledge of Colen's position or movements during the seconds that his gaze was focused on the older boy. Although it may have been within his perception to say that Colen and the automobile arrived at the same spot at the same time, without knowledge of the above mentioned factors, it simply was not within his perception to say that the accident was unavoidable.

Second, the statement from the witness that the accident was unavoidable in his opinion was not an aid to the jury in determining any fact in issue. Saying that an accident is unavoidable is merely another way of saying there has been no negligence. *City of Phoenix v. Camfield,* 97 Ariz. 316, 400 P.2d 115 (1965). The statement merely told the jury how in this witness' opinion the jury should decide the case—that it

should find no negligence, no imprudence, on Briehl's part. This kind of opinion testimony has never been admissible. *See, e.g., Dobbertin v. Johnson,* 95 Ariz. 356, 390 P.2d 849 (1964); *Townsend v. Whatton, Jr.,* 21 Ariz.App. 556, 521 P.2d 1014 (1974). Even though opinion testimony embracing ultimate issues is allowed under proper circumstances pursuant to Rule 704 the comment to the rule cautions that the testimony must meet the requirement of aiding the jury in understanding the evidence or determining facts in issue and must not merely tell the jury how it should decide the case. Additionally, some issues are viewed as requiring expert testimony as a matter of law. *Weinstein, Evidence* § 701 [02] at 19 (1981). In *Rimondi v. Briggs,* 124 Ariz. 561, 606 P.2d 412 (1980), the Arizona Supreme Court said that only an expert witness may testify as to the ultimate cause of an accident.

■ For all of these reasons we find the testimony of Mr. Rogers concerning unavoidability of the accident to be inadmissible. Error in admitting evidence is reversible if the reviewing court is unable to conclude that the jury would have reached the same verdict without the testimony. *Sears Roebuck and Co. v. Jackson,* 21 Ariz.App. 176, 517 P.2d 529 (1973); *Harris v. Thompson,* 18 Ariz.App. 154, 500 P.2d 1142 (1972).

We are unable to say that the jury would have reached the same result without this testimony. Mr. Rogers' testimony showed that he had been very concerned for the little child, had stood over him in the road after the accident to keep other traffic away from him, and yet was willing to say that there was nothing the driver could have done to avoid the accident. This is a case in which no witness saw the entire situation unfold. The jury had the difficult task of sorting through bits and pieces of testimony of witnesses and parties to determine where Colen was and what he was doing during the few seconds before he wound up in the center lane of Indian School Road and whether the situation was such that Briehl should have seen him and reacted far enough ahead of time to avoid the accident. We cannot be certain under

these circumstances that the jury fully realized from Mr. Rogers' opinion that he had not had sufficient perception of the unfolding of the accident to know whether Briehl could have avoided the accident if he had been acting at all times with reasonable care. The jury may have been unduly persuaded by his presence at the accident scene. The trial court should have excluded the opinion testimony.

Since the matter must be retried we will address the second issue raised by the appellant. We would not reverse this case solely on the basis of the instructions given and refused but since the issue has been raised it merits comment. The plaintiffs requested, but the court refused to give, an instruction as follows:

You are instructed that an owner of an automobile or truck has the right to use the highways of the state, provided in using them he uses reasonable care and caution for the safety of others. It is the operator's duty to keep his motor vehicle always under control so as to avoid a collision with others using the highway and he has no right to assume that the road is clear, but under all circumstances and at all times must be vigilant and must anticipate and expect the presence of others. And if he fails to use such reasonable care and caution and thereby injures another, such failure on his part would constitute negligence and he would be liable in damages for any injury caused by his negligence.

You are instructed that pedestrians have a right to travel anywhere upon a public highway and an automobile driver is required to drive carefully to prevent danger to others using the highway. The driver has no right to assume that the road is clear, but under all circumstances and at all times must be vigilant and must anticipate the presence of others and keep his machine under such control as will enable him to avoid collision with other persons using proper care and caution.

This instruction was taken word for word from a jury instruction that had been ap-

proved by the Arizona Supreme Court and this court as a correct statement of the law in this jurisdiction. *See Pearson & Dickerson Contractors, Inc. v. Harrington,* 60 Ariz. 354, 137 P.2d 381 (1943); *Young Candy & Tabacco Co. v. Montoya,* 91 Ariz. 363, 372 P.2d 703 (1962); *Brooks v. De La Cruz,* 12 Ariz.App. 591, 473 P.2d 793 (1970). Instead, the trial court gave the following instructions regarding the defendant's duty to use reasonable care:

Negligence is the failure to use reasonable care. Negligence may consist of action or inaction. A person is negligent if he fails to act as an ordinarily careful person would act under the circumstances.

.    .    .    .    .

If you find that the defendant Robert Charles Briehl violated any of the following laws, then the defendant is negligent. You should determine whether that negligence was the cause of the plaintiff's injuries. The laws are as follows: No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the circumstances, conditions and actual and potential hazards than [sic] existing. The maximum lawful speed shall be reduced to that which is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, such as when approaching and crossing an intersection.

Special hazards exist with respect to pedestrians—special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions. Every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian on any roadway, and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon the roadway.

Defendants argue that plaintiffs' requested jury instruction was properly denied. They point out that the *Pearson, Young Candy,* and *Brooks* cases in which the in-

struction was given are distinguishable from the instant case. In those cases, the appellee says the pedestrian was struck either while in a crosswalk or while the driver was driving recklessly in the sense that he knew there was a pedestrian on the road and was negligent in the action he took to avoid a collision. Defendants cite numerous Arizona vehicle/pedestrian accident cases involving children in which a similar type of instruction concerning keeping a lookout was not required. Defendants conclude that an instruction that drivers must keep a constant lookout is required only when the accident occurs at a crosswalk or when the type of recklessness referred to above on the part of the driver is shown.

Neither the instruction given nor the one requested by the appellant is particularly appropriate to the facts of this case. The instruction given states that special hazards exist with respect to pedestrians and admonishes that drivers should exercise proper precaution when observing a child on the road. It appears to be designed for situations where a driver observes a pedestrian *on the road* well in advance of the accident. It is thus slightly off the mark when applied to the facts of this case.

On the other hand, the appellants' proffered instruction contains the language, "You are instructed that pedestrians have a right to travel anywhere upon a public highway and an automobile driver is required to drive carefully to prevent danger to others using the highway." This is not really appropriate to a situation where a child runs across a heavily traveled road where the driver clearly has the right of way.

The instruction actually given contained the language, "Every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian on any roadway . . . ." It was broad enough to allow the jury to consider the pertinent facts in a common sense fashion consistent with the law. Indeed, a review of appellants' counsel's final argument shows that he very effectively argued his point from the instructions given. He read the instruction to the jury and then said,

He did not control his vehicle in a way to avoid impacting with the child. But most important, and most of all is the fact that he was not being observant, being attentive to the roadway in such a way as to be able to perceive the hazard that approached and ultimately appeared right in front of him.

I stated in the opening statement that the central theme of this case, the thing that you should try to hold onto throughout the whole case is, is this a dart-out case, where a child comes out between two parked cars along a residential street where you have absolutely no opportunity to react? Or is this a case where a hazard in fact presented itself and the driver operating his vehicle did have opportunity to perceive, did have opportunity to react, and failed to do that?

■ We agree that in a true "dart-out" case, *i.e.,* one in which the evidence shows that the hazard appeared so suddenly that a reasonable person would not have seen it in time, it is not necessary to instruct on the duty to keep a continuous lookout. *Esquivel v. Nancarrow,* 104 Ariz. 209, 450 P.2d 399 (1969); *Schmerfeld v. Hendry,* 74 Ariz. 159, 245 P.2d 420 (1952). The facts here, however, are not like those addressed in *Esquivel* and *Schmerfeld.*

■ The crucial issue in the case at bar was whether under the facts in this case, a reasonable person in Briehl's position would have seen the child and perceived the danger in time to prevent the accident. The evidence is not conclusive that this was a case of "darting out" or "sudden appearance." We find that there was substantial evidence from which the jury could conclude that Briehl should have seen Colen and should have realized the potential danger in time for Briehl to take evasive action that would have prevented the accident. This portion of Indian School Road had a wide dirt shoulder. The spot at which Colen's older cousin stated he left the boy was almost 30 feet from the edge of the asphalt street. Even if Colen had headed directly for Indian School Road, he would have had

to traverse this 30-foot area before reaching the street. There was testimony from another witness that Colen had run or "waddled" along the shoulder for a distance before heading out into the street. Although Colen was wearing a white sweater and may have been positioned so that there was a white wall in the background, it was broad daylight and there was no evidence that the driver's view of the area had been obstructed in any way. The area within which Colen was walking or standing on the shoulder was visible for more than 400 feet from the direction from which Briehl was coming. An accident reconstructionist testified, based on the vehicle's speed and Colen's estimated running speed, that if Briehl had seen Colen at any time before his car came within 200 feet of the point of impact and had taken proper evasive action, the accident could have been avoided. Based on this evidence it would have been preferable if the jury had received an instruction that the driver had a duty to keep a reasonable lookout and anticipate the presence of others.

The instruction given by the trial court barely sufficed. Part of defendants' argument to the jury was that a person driving in the center lane of a busy thoroughfare like Indian School Road would not anticipate the presence of a pedestrian where no crosswalks were marked. The instruction given by the court contained no language indicating that a driver has no right to assume that the road is clear, but under all circumstances and at all times must be vigilant and must anticipate the presence of others. The failure to include such language combined with the court's giving an instruction that a driver "shall exercise proper precaution upon observing any child ... upon the roadway" could conceivably have misled the jury into thinking that Briehl had no duty to watch for pedestrians that might enter upon the roadway but only had a duty to a pedestrian once he saw him.

Given the fact that appellants' counsel so effectively kept the central point of the case in the forefront we doubt that the jury was misled. If the matter is retried we suggest the instructions be refined.

For the reasons stated herein, this case is reversed and remanded to the trial court for retrial.

OGG, P.J., and CORCORAN, J., concur.